In the Matter of KENNETH COHEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 9, 1990

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Lynn, Ledwith & Corcoran (Robert W. Corcoran* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on December 15, 1965.

The Special Referee sustained six charges of professional misconduct alleged against the respondent. Charge one alleged that on April 3, 1985, the respondent was convicted of one count of aggravated harassment in the second degree, in violation of Penal Law § 240.30, a class A misdemeanor, and two counts of attempted aggravated harassment in the second degree, in violation of Penal Law §§ 110.00, 240.30, class B misdemeanors. The respondent was sentenced to three years' probation and a $40 fine on the first count and one-year probation on each of the two remaining counts.

Charges two, three, four and six each alleged that the respondent was guilty of acts involving moral turpitude, including deceit, misrepresentation, and sexually deviant conduct.

Charge five alleged that on February 4, 1985, the respondent pleaded guilty to one count of petit disorderly person offense, in the Superior Court of Bergen County, State of New Jersey, in violation of New Jersey Statutes Annotated § 2C:33-4 (a) and two counts of disorderly person offenses, in violation of New Jersey Statutes Annotated § 2C:29-2. On March 22, 1985, the respondent was sentenced to two years' probation on each of the three counts to run concurrently, with continued psychiatric counseling, and fined $25 for each of the counts.

While the Special Referee found the respondent guilty of the misconduct alleged, he concluded, *inter alia,* that the respondent was not convicted of a "serious crime" as defined by 22 NYCRR 691.7.

The petitioner moves to disaffirm the report of the Special Referee insofar as it fails to find the respondent guilty of having been convicted of a "serious crime" as defined by 22 NYCRR 691.7. The respondent has submitted an affidavit in opposition to the petitioner's motion wherein he again admits the factual allegations of the petition but argues that no "serious crime" was committed. 22 NYCRR 691.7 (b) includes in the definition of a "serious crime", "a crime involving moral turpitude". We find that the respondent is guilty of crimes involving moral turpitude and thus is guilty of having been convicted of "serious crimes" within the meaning of 22 NYCRR 691.7 (b).

We find the respondent guilty of all of the misconduct set forth above and grant the petitioner's motion to disaffirm the report of the Special Referee to the extent indicated above.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's previously unblemished record, as well as the psychological problems the respondent was experiencing at the time of the misconduct. Accordingly, the respondent is censured for his professional misconduct.

BROWN, J. P., LAWRENCE, KUNZEMAN, RUBIN and ROSEN-BLATT, JJ., concur.

Ordered that the petitioner's motion to disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Kenneth Cohen, is hereby censured for his professional misconduct.